UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO GUTIERREZ, individually and on behalf of a class of similarly situated individuals, <br><br> *Plaintiff*, <br><br> v. <br><br> LIBERTY MEDIA CORPORATION, a Delaware corporation; FORMULA ONE DIGITAL MEDIA LIMITED, a foreign private limited company, <br><br> *Defendants*. | Case No.: 1:24-cv-05770 |

## NOTICE OF REMOVAL

Defendants Liberty Media Corporation and Formula One Digital Media Limited (collectively, "Defendants"), by and through undersigned counsel, hereby remove this case to the United States District Court for the Northern District of Illinois, Eastern Division because this Court has original federal question jurisdiction under 28 U.S.C. § 1441(c)(1)(A) and 28 U.S.C. § 1331. In support of this removal, Defendants state as follows:

### STATE ACTION ALLEGATIONS

1. Plaintiff Sergio Gutierrez ("Plaintiff") filed his Complaint in the Circuit Court of Cook County (the "State Action") on May 30, 2024 under case number 2024CH05112. Summons was issued on June 5, 2024. In his Complaint, Plaintiff asserts a single cause of action for violations of the Video Privacy Protection Act ("VPPA"), codified at 18 U.S.C. § 2710, on behalf of himself and a putative class of other similarly situated individuals. Plaintiff alleges, among other things, that "[b]y knowingly and intentionally disclosing Plaintiff's and Class Members' PII

1

without their written consent, Defendants violated Plaintiff's and Class Members' statutorily protected right to privacy under the VPPA." See **Ex. A** (Compl.) ¶ 60.

2. Based upon his singular count for violations of the VPPA against Defendants, Plaintiff seeks the following relief: "(i) declaratory relief; (ii) injunctive and equitable relief as it is necessary to protect the interests of the Plaintiff and Class by requiring Defendants to comply with the VPPA; (iii) statutory damages of $2,500 for each violation of the VPPA pursuant to 18 U.S.C. § 2710 (c); and (iv) reasonable attorneys' fees and costs and other litigation expenses." See **Ex. A** (Compl.) ¶ 62.

3. The State Action is removable to this Court because the Court has original jurisdiction pursuant to 28 U.S.C. § 1441(c)(1)(A) and 28 U.S.C. § 1331 and all procedural requirements for removal are satisfied.

## STANDARD FOR REMOVAL

4. "[A]ny civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed . . . . to the district court . . . for the district and division . . . where such action is pending." 28 U.S.C. § 1441(a). Further, "[i]f a civil action includes . . . a claim arising under the [U.S.] Constitution . . . within the meaning of section 1331 of this title . . . the entire action may be removed." *Id.* at § 1441(c)(1)(A). "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

## TIMELINESS OF REMOVAL

5. Defendant Liberty Media Corporation was served with process on June 10, 2024. See **Ex. C**.

6. Defendant Formula One Digital Media Limited formally waived service of

2

summons on July 9, 2024. *See* **Ex. D** (Waiver of the Service of Summons on Formula One Digital Media Limited).

7. Removal is timely when "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

8. This Removal, which is being filed on July 9, 2024, is therefore timely.

## VENUE

9. The State Action was originally filed in the Circuit Court of Cook County, Illinois. As such, venue lies in the United States District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 1441(a).

## ORIGINAL FEDERAL QUESTION JURISDICTION

10. This Court has original jurisdiction over this action because it arises solely under federal law—namely, the VPPA. *See* 28 U.S.C. § 1331. Plaintiff's entire Complaint is predicated on a single cause of action for violations of the VPAA, a federal law. *See* **Ex. A** (Compl.) ¶¶ 50–62. All remedies Plaintiff seeks arise under federal law. *See id.* ¶ 62. Accordingly, this case raises only federal questions, meaning this Court has original jurisdiction and removal is proper under 28 U.S.C. § 1441(c)(1)(A) and 28 U.S.C. § 1331.[1]

---

[1] As an alternative basis for removal, this Court also has jurisdiction subject to the Class Action Fairness Act ("CAFA"). Under CAFA, federal courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). Here, first, Plaintiff alleges a putative class action that involves "hundreds of thousands of members." *See* **Ex. A** (Compl.) ¶¶ 42–49. Second, there is minimal diversity: Plaintiff is a citizen of Illinois (*id.* (Compl.) ¶ 9); Defendant Liberty Media Corporation is a citizen of Delaware, its state of incorporation, and Colorado, its principal place of business (*id.* ¶ 10); and Defendant Formula One Digital Media Limited is a foreign citizen based in London, England (*id.* ¶ 11). Third Plaintiff seeks "statutory damages of

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL**

11. Consistent with 28 U.S.C. § 1446, Defendants submit this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

12. Further, 28 U.S.C. § 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the state court action. True and correct copies of these documents are listed below and attached hereto:

    a) Complaint (Ex. A);

    b) Summons (Ex. B);

    c) Notice of Service of Process to Defendant Liberty Media Corporation (Ex. C);

    d) Waiver of the Service of Summons by Defendant Formula One Digital Media Limited (Ex. D);

    e) All other process, pleadings, and orders filed in the State Action (Ex. E); and

    f) State Court Docket for the State Action (Ex. F).

**NONWAIVER OF DEFENSES**

13. By filing this Notice of Removal, Defendants do not waive any defenses. Nor do they admit any of the allegations in Plaintiff's Complaint. Defendants expressly reserve the right

---

$2,500 for each violation of the VPPA pursuant to 18 U.S.C. § 2710(c)" for each of the "hundreds of thousands of members" of the putative class that Plaintiff alleges suffered VPPA violations at the hands of Defendants. *See id.* ¶¶ 42, 44, 62. Accordingly, the amount in controversy ($2,500 times at least 200,000 class members) well exceeds the $5-million amount-in-controversy requirement under CAFA. This total also does not include Plaintiff's prayer for attorneys' fees, costs, and other litigation expenses. *See id.* ¶ 62.

to contest those allegations at the appropriate time.

14. Defendants also reserve the right to supplement this Notice of Removal if necessary.

## CONCLUSION

15. In sum, removal is proper because this Court has original federal question jurisdiction under 28 U.S.C. § 1441(c)(1)(A) and 28 U.S.C. § 1331. THEREFORE, Defendants remove the State Action from Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

DATED: July 9, 2024

    Respectfully submitted,

    ALSTON & BIRD LLP

    */s/ Terance A. Gonsalves*
    Terance A. Gonsalves (Illinois Bar No. 6272295)
    terance.gonsalves@alston.com
    **ALSTON & BIRD LLP**
    321 North Clark Street, Suite 2650
    Chicago, IL 60654
    Telephone: (404) 881-7983
    Facsimile: (404) 881-7777

    Kathy J. Huang (*Pro Hac Vice* application forthcoming)
    kathy.huang@alston.com
    Rachel E. K. Lowe (*Pro Hac Vice* application forthcoming)
    rachel.lowe@alston.com
    **ALSTON & BIRD LLP**
    350 South Grand Avenue
    51st Floor
    Los Angeles, CA 90071
    Telephone: (213) 576-1000

Facsimile: (213) 576-1100

*Counsel for Defendants Liberty Media Corporation and Formula One Digital Media Limited*